UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DIANA JEAN STEINMETZ,

        Plaintiff,

   v.

CITY OF CAMAS, DON CHANEY, in his former capacity as Police Chief and individually, OFFICER KYLE ISAAK, OFFICER DEBRAH FARLAND, and SGT. SHYLA NELSON,

        Defendants.

CASE NO. C08-5485BHS

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DISMISSING PLAINTIFF'S FEDERAL CLAIM, AND TO SHOW CAUSE

This matter comes before the Court on Defendants' Motion for Summary Judgment (Dkt. 22). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion, dismisses Plaintiff's federal claim, and orders the parties to show cause for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On August 4, 2008, Plaintiff Diana Jean Steinmetz filed a complaint against Defendants City of Camas, Don Chaney, Officer Kyle Isaak, Officer Debrah Farland, and Sgt. Shyla Nelson alleging violations of 42 U.S.C. § 1983, False Arrest, False Imprisonment, and Malicious Prosecution. Dkt. 1.

On March 30, 2009, Defendants filed a Motion for Summary Judgment. Dkt. 22. Plaintiff failed to file a timely response. On May 22, 2009, Defendants replied. Dkt. 26.

ORDER - 1

On May 26, 2009, Plaintiff filed a motion for extension of time to respond to Defendants' motion for summary judgment. Dkt. 28. On June 10, 2009, the Court granted Plaintiff's motion and renoted Defendants' motion to June 19, 2009. Dkt. 44.

On May 29, 2009, Plaintiff filed a response (Dkt. 32) and, on June 12, 2009, filed a supplement to that response (Dkt. 45). On June 16, 2009, Defendants replied. Dkt. 47.

On June 1, 2008, the parties filed an agreed motion to dismiss (1) Defendant Don Chaney, (2) Plaintiff's state law malicious prosecution claim against all Defedants, and (3) federal law claims against Defendant City of Camas. Dkt. 36. On June 8, 2009, the Court granted that motion.

## II. FACTUAL BACKGROUND

On June 2, 2006, Plaintiff's husband, Mr. Robert Earl Steinmetz, made a 911 call for emergency services. Complaint, ¶ 5.3. In response to the call, City of Camas Police Officer Kyle Isaak was dispatched to Plaintiff's residence. *Id.*, ¶ 5.3. Officer Isaak was accompanied by a Field Training Officer, Deb Farland. Dkt. 23, Declaration of John E. Justice ("Justice Decl."), Ex. 4, pp. 35-36. Sergeant Shyla Nelson arrived at the scene to act as a back up to Officer Isaak. *Id.*, 71.

Once the officers arrived at Plaintiff's residence, Officer Isaak interviewed both Plaintiff and Mr. Steinmetz. *Id.*, pp. 75-76. At some point during the investigation, Plaintiff called Margaret Gehlsen at Abuse Recovery Ministry Services ("ARMS"). Dkt. 33, Declaration of Fred Diamondstone ("Diamondstone Decl."), Exh. 1, Deposition of Diana Steinmetz ("Plaintiff's Dep.") at 70. Plaintiff claims that, prior to this incident, she had been attending counseling at ARMS for domestic violence abuse. *See id.*, Exh. 4. After Plaintiff contacted Ms. Gehlsen, she asked Officer Farland to talk with Ms. Gehlsen. Plaintiff's Dep. at 70-72. Officer Farland refused to talk with Ms. Gehlsen. *Id.*, Exh. 3, Deposition of Officer Farland at 28-29. It is undisputed that Ms. Gehlsen had no personal knowledge of the altercation between Plaintiff and her husband that led to the 911 call. Plaintiff also claims that she offered the officers private records of her abuse

ORDER - 2

counseling, but the Court has not been presented with evidence of a public record of domestic violence.

After speaking with Plaintiff and her husband, Officer Isaak concluded that he had probable cause to arrest Plaintiff for assault IV. According to his probable cause declaration, "both parties stated that the other party grabbed the other's neck first." Justice Decl., Exh. 3. Although there is no dispute that Plaintiff caused visible injuries to her husband's neck, she claims that he choked her during the altercation. Plaintiff's Dep. at 61-63. However, based on Officer Isaak's "personal observations and investigation," he found that:

> [Plaintiff had] a scratch on her right cheek with no other obvious injuries. [Mr. Steinmetz had] multiple scratches on both sides of his neck. [He] was the initial person to call 911. It appear[ed] that [Mr. Steinmetz] had more significant injuries.

Justice Decl., Exh. 3.

After Plaintiff's arrest, the District Court of Washington for Clark County entered a No-Contact Order that prohibited Plaintiff from contacting her husband or coming within 400 feet of his residence. Justice Decl., Exh. 5. On June 15, 2006, Plaintiff entered into a Joint Motion for Stay of Proceedings. *Id*., Exh. 6. The stay stated that if Plaintiff "complied with the conditions of such Joint Motion . . . the present cause shall be dismissed with prejudice." *Id*. at 1. One of the provisions of the conditions of the agreement was that Plaintiff "agrees to release the City of Camas and its officers, employers or agents from any civil or criminal liability from the investigation or filing of this criminal matter." *Id*. at 5.

## III. DISCUSSION

### A.   Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party

ORDER - 3

fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.**     **Defendants' Motion**

Defendants move for summary judgment because (1) Plaintiff voluntarily released Defendants from civil liability and (2) the officers are entitled to qualified immunity. Dkt. 22. The Court finds that the officers are entitled to qualified immunity and need not consider Defendants' arguments regarding the release-dismissal agreement.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

In resolving questions of qualified immunity, courts consider two questions: (1) "[t]aken in the light most favorable to the party asserting the injury, [whether] the facts alleged show the officer's conduct violated a constitutional right," *Saucier v. Katz*, 533 U.S. 194, 201 (2001); and (2) "whether the right was clearly established . . . in light of the specific context of the case." *Id*. A court, however, is not required to resolve both questions and may "determine the order of decisionmaking that will best facilitate the fair and efficient dispostion of each case." *See Pearson v. Callahan*, 129 S. Ct. 808, 812 (2009).

### 1. Fourth Amendment

A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification. *See Larson v. Neimi*, 9 F.3d 1397, 1400 (9th Cir. 1993). Once a plaintiff shows that she was arrested without a warrant, then the burden shifts to defendant "to provide some evidence that the arresting officers had probable cause for a warrantless arrest." *Dubner v. City and County of San Francisco*, 266 F.3d 959, 965 (9th Cir. 2001). It is undisputed that Plaintiff was arrested without a warrant. Defendants, however, contend that Officer Isaak had probable cause to arrest Plaintiff. Dkt. 22 at 15-17.

"Under our traditional rule, probable cause exists when there is 'a fair probability or substantial chance of criminal activity.'" *United States v. Brooks*, 367 F.3d 1128, 1134 (9th Cir. 2004) (quoting *United States v. Alaimalo*, 313 F.3d 1188, 1193 (9th Cir. 2002)).

"[T]he determination of probable cause is based upon the totality of the circumstances known to the officers . . . ." *United States v. Soriano*, 361 F.3d 494, 505 (9th Cir. 2004).

In this case, Defendants have provided evidence that Officer Isaak had probable cause to arrest Plaintiff. First, even Plaintiff admits that she told Officer Isaak that she made unwanted physical contact with her husband when she grabbed him by the shirt collar, possibly scratching his neck. Second, Officer Isaak could observe the visible evidence of injury to Plaintiff's husband, consistent with his allegations of having been scratched by his wife. *See* Justice Decl., Ex. 2 (investigation photo). These facts establish at least a "fair probability . . . of criminal activity." *Brooks, supra*.

Plaintiff responds by arguing that Officer Isaak should have conducted a more thorough investigation. Dkt. 32 at 10-13. But these arguments are based on the premise that "exculpatory evidence" was present. Ms. Gehlsen, the counselor who Officer Farland refused to talk with, did not have any personal information of the events that Officer Isaak was investigating. Plaintiff concedes that Ms. Gehlsen was only aware of the fact that Plaintiff attended counseling at ARMS and lacked any knowledge of past domestic violence. Moreover, even if there was a history of domestic violence between Plaintiff and her husband, those facts cannot negate (1) Mr. Steinmetz's visible injuries that were admittedly inflicted by Plaintiff on the day in question, (2) it was Mr. Steinmetz who called 911, and (3) Mr. Steinmetz's version of the alteration was more clear and consistent.

Therefore, Defendants have shown that Officer Isaak had probable cause to arrest Plaintiff. The Court finding that probable cause existed means that Defendants did not violate Plaintiff's constitutional rights and the Court grants Defendants' motion for summary judgment on Plaintiff's § 1983 claim.

**2. Clearly Established**

Even if probable cause did not exist, Plaintiff has failed to show that her constitutional right was clearly established in the context of this case. The "dispositive

inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.

In this case, Defendants argue that

> Making an arrest, without first talking on the phone with an unknown person, who was not present during the incident being investigated and had no direct personal knowledge of the incident, is not clearly unconstitutional and the defendants have found no case that would have put any of the officers on notice that such a requirement existed.

Dkt. 47 at 9. The Court agrees.

Therefore, the Court also grants Defendants' motion for summary judgment because it was not clear to the officers at the time of Plaintiff's arrest that they were violating Plaintiff's constitutional right by failing to conduct a "thorough" investigation.

## C.  Show Cause

"The district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The parties may show cause, if any they have, why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims because it has dismissed Plaintiff's § 1983 claim. Either party may file a brief, not to exceed 10 pages, no later than July 17, 2009.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment (Dkt. 22) is **GRANTED** and Plaintiff's 42 U.S.C. § 1983 claim is **DISMISSED**. The parties may show cause no later than July 17, 2009, as stated herein.

DATED this 7th day of July, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7